Case 4:17-cv-00009-RAJ   Document 1-1   Filed 02/10/17   Page 1 of 8

16-12-21789-CVR

Reeves County - District Clerk

Filed: 12/9/2016 5:23:57 PM
Pat Tarin
DistrictClerk
Reeves County, Texas

Misty Thomas

CAUSE NO. _____

| | | |
|---|---|---|
| BLAIR SAVAGE | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | \_\_\_\_ JUDICIAL DISTRICT |
| | § | |
| SOON DONG CHO and TIMETABLE LOGISTICS, INC. | § § | REEVES COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE WITH DISCOVERY ATTACHED

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Blair Savage, hereinafter referred to as "Plaintiff," complaining of Soon Dong Cho and Timetable Logistics, Inc., hereinafter collectively referred to as "Defendants," and for cause of action would show the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

Plaintiff requests that this cause be governed by a discovery control plan whereby discovery is conducted under Level 3 (by Rule). Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks only monetary relief of between $100,000 and $200,000.00.

### II.
### PARTIES

Plaintiff is an individual residing in Texas.

Defendant Soon Dong Cho is a nonresident individual with a last known address of 18479 Aguiro Street, Rowland Heights, California, 91748 who can be served with process through the Chairman of the Texas Transportation Commission pursuant to section 17.062 of the Texas Civil Practice & Remedies Code because this suit grows out of a collision in which Defendant was involved while operating a motor vehicle in this state.

Defendant Timetable Logistics, Incorporated is a foreign corporation doing business in

Texas which may be served with process through the Texas Secretary of State pursuant to section 17.044 of the Texas Civil Practice & Remedies Code because Timetable Logistics, Inc. is a nonresident which engages in business in this state but does not maintain a regular place of business in this state or a designated agent for service of process.

## III.
## VENUE AND JURISDICTION

This Court has jurisdiction over this matter because Plaintiff has suffered damages in excess of the minimum jurisdictional limits of this Court. Venue is proper in Reeves County, Texas pursuant to Texas Civil Practice and Remedies Code §15.002 because the occurrence made the basis of this action occurred in Reeves County, Texas.

## IV.
## FACTS

On or about January 3, 2015, Plaintiff was operating a vehicle in a lawful manner on eastbound Interstate 10 in Reeves County, Texas. A tractor-trailer owned by Defendant Timetable Logistics was being driven by Defendant Cho was also traveling eastbound on Interstate 10. Defendant Cho was operating the tractor-trailer in the course and scope of his employment with Defendant Timetable Logistics and/or Defendant Cho was a permissive user of the tractor-trailer. Plaintiff slowed for traffic when suddenly and without warning, Defendant Cho collided with the rear of Plaintiff's vehicle. As a proximate result of said collision and the actions of Defendant Cho as outlined above, Plaintiff sustained the injuries and damages complained of herein.

## V.
## CAUSES OF ACTION

**Negligence of Defendant Cho**

Defendant Cho was negligent on the occasion in question which negligence proximately caused damages and injuries in the following particulars:

(a) failed to maintain a proper lookout and attention to the roadway;

(b) failed to make a timely or proper application of his brakes;

(c) failed to make a timely or proper evasive maneuver to avoid the collision;

(e) failed to control his speed;

(f) failed to maintain an assured clear distance between the vehicles, and

(g) drove recklessly.

Each of these acts and omissions, singularly or in combination with others, constituted negligence which proximately caused the occurrence made the basis of Plaintiff's action and Plaintiff's injuries and damages.

**Negligence Per Se of Defendant Cho**

Plaintiff would further show that at the time and on the occasion complained of, Defendant Cho's acts and omissions constituted negligence per se, which negligence proximately caused damages and injuries, in that he violated the provisions of the Texas Transportation Code.

**Negligent Hiring, Training and Supervision by Defendant Timetable Logistics**

Plaintiff would further show that Defendant Timetable Logistics was negligent in the hiring, training and supervision of Defendant Cho and that such negligence proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages.

*Respondeat Superior*

Plaintiff would further show that at the time of the collision in question, Defendant Cho was the agent, servant and/or employee of Defendant Timetable Logistics and was acting within the scope of his authority as such agent, servant and/or employee. Defendant Timetable Logistics is therefore responsible for the acts of Defendant Cho under the doctrine of *respondeat superior*.

Plaintiff would further show that whenever in this Petition it is alleged that Defendant

Timetable Logistics did any act or thing, it is meant that such Defendant itself or its agents, officers, servants, employees, or representatives did such an act or thing and it was done with full authorization or ratification of Defendant Timetable Logistics or was done in the normal routine, course and scope of agency or employment with Defendant Timetable Logistics or its agents, officers, servants, employees, or representatives.

**Negligent Entrustment by Defendant Timetable Logistics**

Further, Plaintiff would show that the above-described collision and Plaintiff's damages were the proximate result of the Defendant Timetable Logistics negligently entrusting a motor vehicle to Defendant Cho. Defendant Cho was an unlicensed, incompetent or reckless driver and Defendant Timetable Logistics knew or should have known Defendant Cho to be an unlicensed, incompetent or reckless driver. Defendant Cho was negligent on the occasion in question and such negligence was the proximate cause of the occurrence in question and Plaintiff's injuries and damages set out below.

## VI.
## DAMAGES

Plaintiff would show that as a result of the negligence of Defendants, he has sustained injuries to his body. To date, Plaintiff has incurred substantial medical expenses as a result of Defendants' actions. Specifically, Plaintiff has incurred medical expenses and has suffered pain and suffering, mental anguish, physical impairment in the past and will in all reasonable probability continue to incur these damages in the future. Furthermore, Plaintiff suffered a loss of wage earning capacity in the past and will in all likelihood sustain a loss of wage earning capacity in the future. For these injuries and damages, Plaintiff should be compensated in a sum far in excess of the minimum jurisdictional limits of this Court.

## VII.
## REQUEST FOR JURY TRIAL

Plaintiff hereby requests a jury trial and tenders payment of the jury fee.

## VIII.
## REQUEST FOR DISCLOSURES

Plaintiff hereby requests that Defendants make such initial disclosures as are required pursuant to rules 192 and 194 of the Texas Rules of Civil Procedure.

## IX.
## Rule 193.7

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives notice to Defendants that Plaintiff intends to use all documents produced by Defendants in response to written discovery in any pretrial matters and during the trial of this matter, as authenticated.

## X.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, that after final trial hereon, he recovers of and from said Defendants, both jointly and severally, his damages as mentioned herein, costs of court, pre-judgment and post-judgment interest, and such other and further relief to which Plaintiff may show himself to be justly entitled.

Respectfully submitted,

RAD LAW FIRM, P.C.

*[signature: Robert M. Meador]*

Robert M. Meador
State Bar No. 13883020
12900 Preston Road, Suite 900
Dallas, Texas 75230
phone 972-661-1111
fax: 972-661-3537
email: rmeador@radlawfirm.com
e-file: efileRM@radlawfirm.com

**ATTORNEY FOR PLAINTIFF**

THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:     SOON DONG CHO
         BY SERVING CHAIRMAN OF THE TEXAS TRANSPORATION COMMISSION
         18479 AGUIRO STREET
         ROWLAND HEIGHTS, CALIFORNIA 91748

Defendant, Greeting:

You are hereby commanded to appear by filing a written answer to the Plaintiff's **ORIGINAL PETITION AND REQUEST FOR DISCLOSURE WITH DISCOVERY ATTACHED** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 143RD DISTRICT COURT of Reeves County, Texas at the Courthouse of said County in Pecos, Texas.
Said Plaintiff's Petition was filed in said court by ROBERT M. MEADOR, (attorney for Plaintiff or Plaintiff), whose address is 12900 PRESTON ROAD, SUITE 900 , DALLAS, TX 75230, on the 12th day of December, 2016 in this case, numbered **16-12-21789-CVR** on the docket of said court, and styled,

**BLAIR SAVAGE**
**-VS-**
**SOON DONG CHO & TIMETABLE LOGISTICS,INC.**

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's **ORIGINAL PETITION AND REQUEST FOR DISCLOSURE WITH DISCOVERY ATTACHED** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly mail the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Pecos, Texas on 9th day of January, 2017.

                                            ATTEST: PAT TARIN, DISTRICT CLERK
                                            143RD DISTRICT COURT
                                            REEVES COUNTY, TEXAS
                                            BY_____
                                            MISTY THOMAS, DEPUTY

CITATION BY MAIL

EXHIBIT A

| ATTACH RETURN RECEIPTS WITH ADDRESSEE'S SIGNATURE | CERTIFICATE OF DELIVERY BY MAIL |
|---|---|

Rule 106(a)(2) the citation shall be served by mailing to the Defendant **SOON DONG CHO** by Certified Mail # *7016 1370 0002 2008 3824* Return Receipt Requested, a true copy of the Citation *PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE WITH DISCOVERY ATTACHED*

Sec. 17.027 Rules of Civil Practices and Remedies Code if prepared by Clerk of Court.

I hereby certify that on the 9th day of January, 2017 at 4 o'clock PM., I mailed to
**SOON DONG CHO**
**BY SERVING CHAIRMAN OF THE TEXAS TRANSPORATION COMMISSION**
**18479 AGUIRO STREET**
**ROWLAND HEIGHTS, CALIFORNIA 91748**
Defendant(s) by registered mail, with delivery restricted to Addressee Only, Return Receipt Requested, at the address stated above, a true copy of this citation with a copy of the Petition attached thereto.

PAT TARIN
DISTRICT CLERK
REEVES COUNTY, TEXAS
143RD DISTRICT COURT
PO BOX 848
PECOS, TX 79772

BY: _____
MISTY THOMAS, DEPUTY



EXHIBIT A